USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/16/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK MARVIN,

                            Plaintiff,

   -against-                                    16-cv-1456 (NSR)
                                                   OPINION & ORDER

MARTHA PELDUNAS, DARCIE M. MILLER,
COUNTY OF ORANGE,

                            Defendants.

NELSON S. ROMÁN, United States District Judge

     Plaintiff Mark Marvin ("Plaintiff") brings this *pro se* action against Martha Peldunas ("Peldunas"), Darcie M. Miller ("Miller"), and the County of Orange (the "County", collectively "Defendants"). Defendants move pursuant to Rule 12(b)(6) to dismiss on the basis that Plaintiff's complaint fails to state a claim upon which relief can be granted. For the following reasons, the motion to dismiss is GRANTED, without prejudice.

## BACKGROUND

     The following facts are taken from Plaintiff's complaint, dated February 23, 2016, and the attached exhibits. On July 15, 2015, Plaintiff, aged 66, applied to the Orange County Department of Social Services ("DSS") for renewal of his Medicaid medical coverage. On August 12, 2015, DSS advised Plaintiff to submit verification that he had applied for Social Security retirement benefits by August 24, 2015. On October 13, 2015, Plaintiff advised DSS of his refusal to apply for Social Security retirement benefits. Plaintiff planned to wait to apply for Social Security retirement benefits until age 70. Applying for benefits at age 66—which Plaintiff

defines as "prematurely"—results in a lower monthly benefit than applying at age 70.[1] On October 20, 2015, DSS issued a letter denying Plaintiff's application for renewal of Medicaid coverage.

On October 26, 2015, Plaintiff requested a fair hearing to appeal DSS's decision. On October 30, 2015, Plaintiff spoke with an employee of the Fair Hearing Unit. That employee informed Plaintiff that his application was denied due to 18 N.Y.C.R.R. 360-2.3(c)(1). The regulation provides that "social services district[s] must review all sources of income and resources available or potentially available to the applicant" when determining Medicaid eligibility. On November 1, 2015, Plaintiff submitted a letter ("Application to Reverse Denial of Medicaid Coverage") to the Fair Hearing Unit, explaining why his denial should be reversed. In his letter, Plaintiff argued that the requirement that he apply for "premature" Social Security retirement benefits is a violation of federal law. He also argued that Social Security benefits do not qualify as potential income or resources "available" to him because he cannot afford to take "reduced" Social Security benefits. On November 24, 2015 a fair hearing was held in Orange County before Administrative Law Judge ("ALJ") Joel Dulberg. Defendant Peldunas, an Orange County DSS Fair Hearing Supervisor, appeared on behalf of DSS. ALJ Dulberg denied Plaintiff's appeal, finding no factual disputes and determining that DSS's denial was consistent with state law and regulations.

---

[1] For individuals born between the years 1943 and 1954, the Social Security Administration considers 66 the "full" or "normal" retirement age. Individuals may elect to receive Social Security retirement benefits as early as age 62, in which case the benefits are "reduced." Individuals may also elect to "delay" Social Security retirement benefits up to age 70, in which case benefits are "increased." SSA, Starting Your Retirement Benefits Early, https://www.ssa.gov/benefits/retirement/planner/agereduction.html (all Internet materials as last visited Sept. 11, 2020).

Plaintiff alleges that Defendant Miller, Orange County Commissioner of Social Services, failed to "properly train and supervise subordinates that Social Security benefits are elective and cannot be made obligatory by a law which is unconstitutionally vague and overreaching."

Plaintiff alleges that, as a result of the denial, he was denied affordable healthcare, specifically follow-up evaluations and cataract surgery. He requests declaratory and injunctive relief, monetary damages for loss of vision and cataract treatment, punitive damages, and reasonable legal costs.

## STANDARD ON A MOTION TO DIMISS

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "Although for the purpose of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). It is not necessary for the complaint to assert "detailed factual allegations," but must allege "more than labels and conclusions." *Twombly*, 550 U.S at 555. The facts in the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id*.

"*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *Thomas v. Westchester*, No. 12–CV–6718 (CS), 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013). The court should read *pro se* complaints "'to raise the

strongest arguments that they suggest,'" *Kevilly v. New York*, 410 F. App'x 371, 374 (2d Cir. 2010) (summary order) (quoting *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) ); see also *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("even after *Twombly*, though, we remain obligated to construe *a pro se* complaint liberally"). "However, even *pro se* plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted). Dismissal is justified, therefore, where "the complaint lacks an allegation regarding an element necessary to obtain relief," and therefore, the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. New York Medical College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and alterations omitted).

In ruling on a motion to dismiss, a "court may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation marks and citation omitted). Courts also may consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

## DISCUSSION

### I.     42 USC § 1983 Claims

Plaintiff does not clearly state his claims. After careful analysis of the complaint and attached materials, this Court finds Plaintiff to be asserting two claims under 42 U.S.C. Section 1983.[2]

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); see *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To state a claim under § 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09 Civ. 5446, 2013 WL 1803896, at *2 (S.D.N.Y. April 25, 2013); see *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Therefore, a Section 1983 claim has two essential elements: (1) the defendant acted under color of state law, and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. See *Annis v. Cnty. of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998); *Quinn v. Nassau Cnty. Police Dep't*, 53 F. Supp. 2d 347, 354

---

[2] This interpretation is consistent with Plaintiff's July 14, 2016 letter in which he refers to the Complaint as "my civil rights complaint."

5

(E.D.N.Y. 1999) (noting that Section 1983 "furnishes a cause of action for the violation of federal rights created by the Constitution") (citation omitted).

    A.    *Federal Right to Elect to Receive Social Security Benefits*

Plaintiff alleges he has a federal right to decide when and whether to elect to receive Social Security retirement benefits and that his denial of Medicaid coverage violated that right. Plaintiff points to various case law to prove the existence of this federal right. However, even assuming that these cases support the existence of a federal right,[3] Plaintiff fails to assert any facts demonstrating the relevance of these cases to this scenario. For instance, Plaintiff cites to *United States v. Lee*, a case which concerns whether certain Amish employers and employees are exempt from paying social security taxes due to their religious beliefs. *United States v. Lee*, 455 U.S. 252 (1982). The Supreme Court found that payment of Social Security taxes and receipt of Social Security retirement benefits interferes with Amish religious beliefs. *Id*. at 257. However, it also found that the government's interest in mandatory and continuous participation in the Social Security program is so strong that it justifies the religious burden. *Id*. at 258-59. The only pertinent finding from this case is the Court's recognition of an Amish religious interest in not electing to receive Social Security retirement benefits. However, Plaintiff does not assert a similar religious belief; far from that, Plaintiff indicates he plans to elect to receive Social Security retirement benefits at age 70. Similarly, Plaintiff cites to *Ellender v. Schweiker*, which addresses the legality of "cross-program recovery", i.e., recovering overpayments from one social security program (SSI) by withholding payments from another social security program

---

[3] Under Section 1983, "a plaintiff must assert the violation of a federal right, not merely a violation of federal law." *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). In order for a particular statutory provision to be enforceable through § 1983, the statutory provision at issue must "give[ ] rise to a federal right," and Congress must not have "specifically foreclosed a remedy under § 1983." *Davis v. New York City Housing Authority*, 379 F. Supp. 3d 237, 245 (S.D.N.Y. 2019) (citing *Blessing v. Freestone*, 520 U.S. 329 at 340-41).

(OASDI). *Ellender v. Schweiker*, 575 F. Supp. 590 (S.D.N.Y. 1983). However, there is no overpayment or "cross-program recovery" alleged here.[4]

Plaintiff supports his arguments with quotes from decisions taken out of context. For example, Plaintiff quotes *Crouch v. United States*: "the social security statute compels contributions to the system by way of taxes, it does not compel any one to accept benefits." *Crouch v. United States*, 665 F. Supp. 813, 815 (N.D. Cal. 1987) (quoting *United States v. Lee*, 455 U.S. at 258-59 (1982)). It appears Plaintiff takes this quote to imply that, because Medicaid is established within the Social Security Act, the Medicaid eligibility process cannot compel anyone to elect to receive Social Security retirement benefits. However, this misunderstands the context of the quote. The courts were merely indicating that the obligation to continue to pay Social Security taxes is separate from the ability or decision to elect to receive Social Security benefits.

Because Plaintiff is *pro se*, this Court has a "duty to liberally construe a plaintiff's complaint." *Geldzahler v. New York Medical College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and alterations omitted). However, this duty [is not] the equivalent of a duty to re-write it." *Id*. The Court is unaware of any law supporting the existence of the federal right that Plaintiff asserts and the sources that Plaintiff relies on to support his arguments are inapplicable to the facts set forth by the Plaintiff. As such, this claim is dismissed, without prejudice.

---

[4] To the extent Plaintiff is arguing DSS is somehow requiring an "assignment" of his Social Security retirement benefits in violation of 41 U.S.C. § 407(a), Plaintiff's argument fails. Requiring Plaintiff to obtain all sources of income available to him and assessing that income to determine eligibility is distinguishable from assigning Plaintiff's income. Further, in other circumstances, courts have determined that Social Security retirement benefits can be used to reduce Medicaid support without running afoul of § 407(a). *See Wojchowski v. Daines*, 498 F.3d 99 (2d Cir. 2007) (finding that New York's attribution of an institutionalized spouse's Social Security benefits to a non-institutionalized spouse for the purpose of Medicaid budgeting does not violate § 407(a)).

B.     *Due Process Claim*

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. To state a procedural due process claim, Plaintiff must show "(1) that Defendants deprived him of a cognizable interest in life, liberty, or property, (2) without affording him constitutionally sufficient process." *Proctor v. LeClaire*, 846 F.3d 597, 608 (2d Cir. 2017) (internal quotation marks omitted).

Recipients of public assistance benefits, such as Medicaid, have a property interest in those benefits that is protected by the Fourteenth Amendment. *See Mayer v. Wing*, 922 F. Supp. 902, 910 (S.D.N.Y. 1996) ("Medicaid benefits are a protectable 'property interest' under the Fourteenth Amendment"); *Richardson v. Kelaher*, 1998 WL 812042, *4 (S.D.N.Y. 1998). *See also Goldberg v. Kelly*, 397 U.S. 254 (1970); *Flemming v. Nestor*, 363 U.S. 603 (1960).

The Supreme Court has determined that due process requires an "adequate hearing" for which there is adequate notice and an opportunity to be heard before benefits are terminated. *Goldberg v. Kelly*, 397 U.S. 254, 261 (1970). The Due Process Clause also requires "that laws be crafted with sufficient clarity to give the person of ordinary intelligence a reasonable opportunity to know what is prohibited and to provide explicit standards for those who apply them." *VIP of Berlin, LLC v. Town of Berlin*, 593 F.3d 179, 186 (2d Cir. 2010) (citing *Thibodeau v. Portuondo*, 486 F.3d 61, 65 (2d Cir. 2007). A statute can be impermissibly vague for either of two reasons: (1) it fails to provide people with ordinary intelligence a reasonable opportunity to understand what conduct it prohibits, or (2) it authorizes or even encourages arbitrary and discriminatory enforcement. *VIP of Berlin, LLC v. Town of Berlin*, 593 F.3d 179, 186 (2d Cir. 2010) (citing *Hill v. Colorado*, 530 U.S. 703, 732 (2000)).

**Plaintiff's Fair Hearing**

Plaintiff does not assert that he was denied access to the fair hearing process. Plaintiff chose not to avail himself of an Article 78 proceeding to challenge the determination of ALJ Dulberg. *See Harris v. Yonkers Department of Social Service*, 2019 WL 2287715 (S.D.N.Y. 2019); *Banks v. HRA*, 2013 WL 142374, at *3 (E.D.N.Y. 2013). As such, this court does not see any facts to support a due process claim.[5]

**Vagueness Claims**

Plaintiff asserts that "Social Security benefits are elective and cannot be made obligatory by a law which is unconstitutionally vague and overreaching." Although the Complaint does not specify, the Court assumes Plaintiff is referring to 18 N.Y.C.R.R. 360-2.3(c)(1), which is the regulation Plaintiff identified as justifying the denial of his Medicaid renewal application. It provides:

> Evaluation of financial circumstances. In determining whether an applicant/recipient is financially eligible for MA under section 360-3.3(b) or 360-3.3(c) of this Part, the social services district must review all sources of income and resources available or potentially available to the applicant/recipient. The district must consider the income and resources of all legally responsible relatives. The review will be based on information in the application and from a personal interview with the applicant/recipient or the person applying on his/her behalf. The district must consider only available income and resources, as defined in Subpart 360-4 of this Part. To be eligible for MA, the applicant must pursue any potential income and resources that may be available. As soon as income or resources become

---

[5] As indicated in Section II, *infra*, Plaintiff asserted new arguments in his response to Defendant's motion to dismiss. The Court is not obligated to consider these new arguments and declines to do so because Plaintiff's claims would be properly dismissed on other grounds.

available, the applicant must report them to the district. The district must reevaluate the applicant's eligibility for MA based on the new financial information.

This Court fails to see how this regulation is unclear or authorizes or encourages arbitrary and discriminatory enforcement. Plaintiff's due process claims are therefore dismissed, without prejudice.

### C. Defendant Liability

Because this Court will grant Plaintiff leave to amend, it will address defendant liability. In their motion to dismiss, Defendants argue they are precluded from liability under Section 1983. First, Defendants argue Miller is precluded from liability due to Plaintiff's failure to plead personal involvement. Second, Defendants argue Miller and Peldunas are protected by qualified immunity. Third, defendants argue the County is protected by municipal liability. Plaintiff failed to address any of these arguments in his response to Defendants' motion to dismiss. As such, Defendants further argue Plaintiff has abandoned his claims against Defendants altogether. For the reasons detailed below, this court agrees that Defendants cannot be held liable for damages under the facts asserted.

**Personal Involvement**

"[A] defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because [s]he held a high position of authority." *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996); *see also Grullon v. City of New Haven*, 720 F.3d 133, 138–39 (2d Cir. 2013). Instead, "[i]t is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (*quoting Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). To make a finding of personal involvement, a plaintiff must

10

demonstrate that the defendant: (1) participated directly in the alleged constitutional violation, (2) after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

In his complaint, Plaintiff makes the conclusory allegation that Miller failed to "properly train and supervise subordinates that Social Security benefits are elective and cannot be made obligatory by a law which is unconstitutionally vague and overreaching." Plaintiff does not provide any facts that suggest Miller was personally involved in the denial of his application, that she was aware of his denial, that she created the policy under which his application was denied, that she was grossly negligent in supervising subordinates who committed wrongful acts, or that she exhibited deliberate indifference. Therefore, as the facts are currently plead, Miller cannot be held liable for damages.

**Qualified Immunity**

Qualified immunity shields government officials whose conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The scope of qualified immunity is broad, and it protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "Defendants bear the burden of establishing qualified immunity." *Garcia v. Does*, 779 F.3d 84, 92 (2d Cir. 2015). "The issues on qualified immunity are: (1) whether plaintiff has shown facts making out violation of a constitutional right; (2) if so,

whether that right was 'clearly established'; and (3) even if the right was 'clearly established,' whether it was 'objectively reasonable' for the officer to believe the conduct at issue was lawful." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013). Qualified immunity does not shield a public official against a claim for declaratory or injunctive relief. *Vincent v. Yelich*, 718 F.3d 157, 177 (2d Cir. 2013).

This court agrees that Miller and Peldunas are entitled to qualified immunity in this matter. Defendants were following clearly establish state and federal laws and regulations. This court cannot identify a right—let alone a clearly established right—that Defendants have violated. Therefore, as the facts are currently plead, Miller and Peldunas do not qualify as government officials who knowingly violated the law and they cannot be held liable for damages.[6]

**Municipal Liability**

In order to hold a municipality liable, a plaintiff must demonstrate "that the municipality itself caused or is implicated in the constitutional violation." *Monell v. Department of Social Services*, 436 U.S. 659, 690 (1978); *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 125 (2d Cir. 2004). To allege a plausible *Monell* claim, a plaintiff must plead the existence of an official custom or policy which subjected him to a denial of a constitutional right. See *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) ("In order to prevail on a claim against a municipality under [S]ection 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury.").

---

[6] Note that neither a lack of personal involvement nor qualified immunity shields against declaratory or injunctive relief.

To establish an official custom or policy, a plaintiff must allege (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees. *White v. Westchester Cty.*, 2018 WL 6726555, at *10 (S.D.N.Y. Dec. 21, 2018) (quoting *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010)).

"[A] municipality cannot be held liable under *Monell* if it merely carries out a state law without any 'meaningful' or 'conscious' choice, because the municipality does not act pursuant to its own policy." *Vaher v. Town of Orangetown, N.Y.*, 133 F. Supp. 3d 574, 605-06 (S.D.N.Y. 2015) (citing *Vives v. City of New York*, 524 F.3d 346, 351-53 (2d Cir. 2008)).

In this case, the County was merely following state law and regulations in its decision to deny Plaintiff's application for renewal of Medicaid benefits. Therefore, as the facts are currently plead, the municipality cannot be held liable.

**Abandonment**

"The failure to oppose a motion to dismiss a claim is deemed abandonment of the claim." *Johnson v. City of New York*, 2017 WL 2312924, at *18 (S.D.N.Y. May 26, 2017) (holding that the plaintiff abandoned her claim because her opposition did not address the defendants' arguments, including their argument that they lacked personal involvement); *Barmore v. Aidala*, 419 F. Supp. 2d 193, 201 (N.D.N.Y. 2005) (dismissing the plaintiff's claims against the defendants because the plaintiff did not address the defendants' personal involvement arguments

in its opposition to the defendants' motion to dismiss). *See also Rodriguez v. Vill. of Ossining*, 918 F. Supp. 2d 230, 239 (S.D.N.Y. 2013); *Davis v. City of N.Y. Health & Hosps. Corp.*, 2011 WL 4526135, at *6 (S.D.N.Y. Sept. 29, 2011) *Boykins v. Cmty. Dev. Corp. of Long Island*, 2011 WL 1059183, at *7 (E.D.N.Y. Mar. 21, 2011)). Therefore, Plaintiff's claims are also properly dismissed under a theory of abandonment.

> D. *Conclusion*

Plaintiff's Section 1983 claims are hereby dismissed, without prejudice. There is no "federal right" to decline to receive Social Security retirement benefits in this context. Plaintiff also failed to plead facts sufficient to support a due process violation. Plaintiff's claims are also properly dismissed because the Defendants cannot be held liable.

**II.    Additional Arguments**

Plaintiff advances additional arguments in his response to Defendants' motion to dismiss. "[P]laintiffs cannot use their opposition to the motion to dismiss to raise new claims or arguments." *Louis v. N.Y.C. Hous. Auth.*, 152 F. Supp. 3d 143, 158 (S.D.N.Y. 2016) (citing *Kiryas Joel Alliance v. Vill. of Kiryas Joel*, 2011 WL 5995075, at *10 n.9 (S.D.N.Y. Nov. 29 2011). Most, if not all, of Plaintiff's new arguments would be properly dismissed by the above analysis. To the extent that Plaintiff would like to advance these arguments, in a manner consistent with the above analysis, he may do so in an amended complaint.

**III.   Leave to Amend**

"Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d

184, 200 (2d Cir. 2007) (citations omitted). When exercising this discretion, courts consider many factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility. *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court will grant Plaintiff leave to file an amended complaint. Notwithstanding the above explained deficiencies, Plaintiff could potentially plead facts that cure his Complaint's various defects. Although Plaintiff certainly has high hurdles to overcome, leave to amend in this case would not necessarily be futile at this juncture. Furthermore, as this case is still in its infancy, there would be minimal prejudice to Defendants in permitting Plaintiff to amend.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED and Plaintiff's claims are DISMISSED in accordance with this Opinion. Plaintiff shall have until 30 days from the date of this Order to amend the Complaint. If Plaintiff elects to file an amended complaint, Defendants shall have until 30 days from the date of Plaintiff's filing to move or file responsive pleadings. The Court respectfully directs the Clerk to terminate the motion at ECF 21, to terminate the action, to mail a copy of this Opinion and Order to Plaintiff, and to make an entry on the docket reflecting service of the Opinion and Order upon Plaintiff.

Dated:   September 16, 2020                               SO ORDERED:
         White Plains, New York

                                                              NELSON S. ROMÁN
                                                         United States District Judge