USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/2/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK MARVIN,

        Plaintiff,

 -against-             16-cv-1456 (NSR)
                    OPINION & ORDER
MARTHA PELDUNAS, DARCIE M. MILLER,
COUNTY OF ORANGE,

        Defendants.

NELSON S. ROMÁN, United States District Judge

  Plaintiff Mark Marvin ("Plaintiff") brings this *pro se* action against Martha Peldunas ("Peldunas"), Darcie M. Miller ("Miller"), and the County of Orange (the "County", collectively "Defendants"). On September 16, 2020, this Court issued an Opinion & Order dismissing the Complaint without prejudice for failure to state a claim pursuant to Rule 12(b)(6). (ECF No. 29.) On October 1, 2020, Plaintiff filed an Amended Complaint. (ECF No. 30.) Before the Court is Defendants' motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6). For the following reasons, the motion to dismiss is GRANTED, with prejudice.

## BACKGROUND

### I. Original Complaint

  The following facts are taken from Plaintiff's *original* complaint, dated February 23, 2016, and the attached exhibits. On July 15, 2015, Plaintiff, aged 66, applied to the Orange County Department of Social Services ("DSS") for renewal of his Medicaid medical coverage. On August 12, 2015, DSS advised Plaintiff to submit verification that he had applied for Social

Security retirement benefits by August 24, 2015. On October 13, 2015, Plaintiff advised DSS of his refusal to apply for Social Security retirement benefits. Plaintiff planned to wait to apply for Social Security retirement benefits until age 70. Applying for benefits at age 66—which Plaintiff defines as "prematurely"—results in a lower monthly benefit than applying at age 70.[1] On October 20, 2015, DSS issued a letter denying Plaintiff's application for renewal of Medicaid coverage.

On October 26, 2015, Plaintiff requested a fair hearing to appeal DSS's decision. On October 30, 2015, Plaintiff spoke with an employee of the Fair Hearing Unit. That employee informed Plaintiff that his application was denied due to 18 N.Y.C.R.R. 360-2.3(c)(1). The regulation provides that "social services district[s] must review all sources of income and resources available or potentially available to the applicant" when determining Medicaid eligibility. On November 1, 2015, Plaintiff submitted a letter ("Application to Reverse Denial of Medicaid Coverage") to the Fair Hearing Unit, explaining why his denial should be reversed. In his letter, Plaintiff argued that the requirement that he apply for "premature" Social Security retirement benefits is a violation of federal law. Plaintiff also argued that Social Security benefits do not qualify as potential income or resources "available" to him because he cannot afford to take "reduced" Social Security benefits. On November 24, 2015 a fair hearing was held in Orange County before Administrative Law Judge ("ALJ") Joel Dulberg. Defendant Peldunas, an Orange County DSS Fair Hearing Supervisor, appeared on behalf of DSS. ALJ Dulberg denied

---

[1] For individuals born between the years 1943 and 1954, the Social Security Administration considers 66 the "full" or "normal" retirement age. Individuals may elect to receive Social Security benefits as early as age 62, in which case the benefits will be "reduced." Individuals may also elect to "delay" Social Security benefits up to age 70, in which case benefits will be "increased." SSA, Starting Your Retirement Benefits Early, https://www.ssa.gov/benefits/retirement/planner/agereduction.html (all Internet materials as last visited Sept. 11, 2020).

Plaintiff's appeal, finding no factual disputes and determining that DSS's denial was consistent with state law and regulations.

Plaintiff alleges that Defendant Miller, Orange County Commissioner of Social Services, failed to "properly train and supervise subordinates that Social Security benefits are elective and cannot be made obligatory by a law which is unconstitutionally vague and overreaching."

Plaintiff alleges that, as a result of the denial, he was denied affordable healthcare, specifically follow-up evaluations and cataract surgery. He requests declaratory and injunctive relief, monetary damages for loss of vision and cataract treatment, punitive damages, and reasonable legal costs.

## II. Amended Complaint

Plaintiff's Amended Complaint is two pages long and reiterates the arguments Plaintiff presented in his opposition to Defendants' original motion to dismiss. (ECF No. 30.) Plaintiff fails to re-plead any of the facts underlying his original Complaint and the only "amendment" Plaintiff provides is:

> The defendants acting under color of law did, unlawfully and in violation of his due process liberty interest, and in violation of the protections of 42 USC 407, demand that his benefits be transferred and assigned at law or in equity and that they did subject his Social Security benefits to executive, levy, attachment, garnishment and/or other legal process, etc. in that premature receipt of benefits denied him full benefits which constitutes an unlawful seizure of those benefits under the Fourth Amendment, and as a result suffered denial of his federal statutory rights, his constitutional rights and privileges.

**STANDARD ON A MOTION TO DIMISS** TYPE

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "Although for the purpose of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). It is not necessary for the complaint to assert "detailed factual allegations," but must allege "more than labels and conclusions." *Twombly*, 550 U.S at 555. The facts in the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id*.

"*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *Thomas v. Westchester*, No. 12–CV–6718 (CS), 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013). The court should read *pro se* complaints " 'to raise the strongest arguments that they suggest,'" *Kevilly v. New York*, 410 F. App'x 371, 374 (2d Cir. 2010) (summary order) (quoting *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) ); see also *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("even after *Twombly*, though, we remain obligated to construe *a pro se* complaint liberally"). "However, even *pro se* plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted). Dismissal is justified, therefore, where "the complaint lacks an allegation regarding an element necessary to obtain relief," and therefore, the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. New York Medical College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and

alterations omitted).

In ruling on a motion to dismiss, a "court may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation marks and citation omitted). Courts also may consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

## DISCUSSION

In the Amended Complaint, Plaintiff fails to replead any of the facts in his original Complaint and fails to allege any new facts. Instead alleges one new legal cause of action,[2] an unconstitutional seizure in violation of the Fourth Amendment.[3]

### I. Factual Allegations

As an initial matter, the Court granted Plaintiff leave to cure *factual* defects within his original Complaint, not to assert new claims. This alone is sufficient reason to dismiss the

---

[2] Plaintiff also attempts to add additional claims in his opposition memo including (1) a violation of the Contracts Clause, (2) a violation of the Supremacy Clause, and (3) a violation of the Due Process clause. The Court is not obligated to address arguments raised in Plaintiff's opposition. Nonetheless, Plaintiff's arguments fail on the merits. First, there is no Contracts Clause violation here because there is no interference with a contract. Defendants did not require Plaintiff to take any actions with respect to his social security benefits; rather, Defendants conditioned the continued grant of Medicaid benefits on Plaintiff utilizing all available resources, including his social security benefits. Second, there is no Supremacy Clause violation here because federal law explicitly authorizes officials to promulgate Medicaid regulations. Finally, the Court already addressed and rejected Plaintiff's Due Process arguments in its September 16, 2020 Opinion & Order.

[3] Plaintiff includes in his Amended Complaint a claim regarding U.S.C. § 407. However, this Court already addressed this potential claim in its Opinion. (ECF No. 29 at 7, FN. 4) ("To the extent Plaintiff is arguing DSS is somehow requiring an 'assignment' of his Social Security retirement benefits in violation of 41 U.S.C. § 407(a), Plaintiff's argument fails. Requiring Plaintiff to obtain all sources of income available to him and assessing that income to determine eligibility is distinguishable from assigning Plaintiff's income. Further, in other circumstances, courts have determined that Social Security retirement benefits can be used to reduce Medicaid support without running afoul of § 407(a). *See Wojchowski v. Daines*, 498 F.3d 99 (2d Cir. 2007) (finding that New York's attribution of an institutionalized spouse's Social Security benefits to a non-institutionalized spouse for the purpose of Medicaid budgeting does not violate § 407(a)).")

5

Amended Complaint. Further, Plaintiff failed to plea *any* facts in his Amended Complaint, which consists only of two pages of legal arguments. Because Plaintiff is proceeding *pro se*, the Court will address Plaintiff's new legal claim, liberally applying the facts from Plaintiff's original Complaint. However, because Plaintiff has failed to plead additional facts as to the claims alleged in the original Complaint, the Court will not re-address those claims and now dismisses those claims with prejudice.

## II.      Unconstitutional Seizure

The Fourth Amendment to the United States Constitution protects citizens' "persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. The general contours of a search and seizure under the Fourth Amendment are well-defined. A "seizure" of property, occurs when "there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). Plaintiff seemingly argues that by requiring Plaintiff to elect to receive his Social Security benefits in order to determine Medicaid eligibility, Defendants "seized" the difference in Social Security benefit amount that Plaintiff might have been awarded had he prolonged election of Social Security benefits.

The Court disagrees. First, it is unclear that Plaintiff has a possessory interest in his *delayed-election* Social Security benefits. Plaintiff cites to no authority supporting such an interest and the Court can find none. Second, even assuming Plaintiff has a possessory interest in his Social Security benefits, Plaintiff fails to allege meaningful interference. As an initial matter, Plaintiff chose not to elect to receive Social Security benefits. Further, such an election would be performed for the purpose of securing Medicaid benefits, benefits which Plaintiff is not automatically entitled to and which would have the net effect of increasing Plaintiff's total

benefits. It is also unclear that Plaintiff's total social security benefits would be higher if he postponed election because by electing to receive benefits sooner, Plaintiff may receive a lower benefit amount, but for a longer period of time. Accordingly, the Court finds that Plaintiff fails to plead facts supporting a Fourth Amendment violation.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED and Plaintiff's claims are DISMISSED with prejudice. The Court respectfully directs the Clerk to terminate the motion at ECF No. 36, to terminate the action, to mail a copy of this Opinion and Order to Plaintiff, and to make an entry on the docket reflecting service of the Opinion and Order upon Plaintiff.

Dated: July 2, 2021  
       White Plains, New York

SO ORDERED:

NELSON S. ROMÁN  
United States District Judge